## IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**ZACHARY MICHAEL JOHNSON,**      )
                                  )
      **Petitioner,**               )
                                  )
**v.**                            )      **NO. 3:24-cv-00985**
                                  )
**STATE OF TENNESSEE,**           )      **JUDGE CAMPBELL**
                                  )
      **Respondent.**               )

## MEMORANDUM OPINION AND ORDER

Zachary Johnson is a pretrial detainee in the custody of the Davidson County Sheriff's Office. He filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and paid the five-dollar filing fee. (Doc. No. 4.) The Petition is before the Court for initial review.

## I. INITIAL REVIEW

### A. Legal Standard

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules")[1] requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

---

[1] These Rules apply to § 2241 cases as well as § 2254 cases. *See* Habeas Rule 1(b).

**B. The Petition**

The Petition challenges the legality of proceedings in Davidson County case numbers 2023-B-785 and 2023-C-1486. (Doc. No. 1 at 2.) In these cases, Petitioner is under indictment on charges which include two counts of attempted first-degree murder and two counts of aggravated assault. (*Id.* at 13.) Petitioner asserts his rights to a speedy trial and the effective assistance of counsel under the Sixth Amendment, his rights to due process and equal protection under the Fifth and Fourteenth Amendments, and his rights to avoid double jeopardy and the setting of excessive bail. (*Id.* at 6–7; Doc. No. 1-1 at 1–4.) He alleges that he has been in jail since October 2022, during which time he has been denied an evidentiary hearing and a second bond reduction hearing and has received no help from the lawyers who have been appointed to represent him. (Doc. No. 1 at 6.) He claims that his right to avoid double jeopardy is violated by the addition of his two attempted first-degree murder charges (via indictment) on top of the earlier two charges of aggravated assault with a deadly weapon, though he concedes that "[m]aybe this is not double jeopardy." (Doc. No. 1-1 at 3.) Petitioner states that he has filed motions for "speedy public trial, speedy trial or dismissal"; "alter[ation] [of] bond conditions"; "to dismiss all charges"; and "to have counsel to withdraw and seek new counsel." (Doc. No. 1 at 11.) He claims that the Davidson County court told him that they would "e-file the speedy trial motion," but otherwise gave him no relief. (*Id.*) Petitioner has also written the Tennessee Board of Professional Responsibility three times to complain about his counsel's lack of attention to his case. (*Id.*)

Petitioner otherwise complains about the overcrowded conditions in the Davidson County Jail and the denial of his prescribed medication for opioid use disorder while there. (*Id.* at 6; Doc. No. 1-1 at 1–2.) He requests the following relief: "If I cannot be represented by effective counsel and be given a speedy trial, I would like to be released from custody so I can work and hire an

2

attorney that will help me." (Doc. No. 1-1 at 5; *see also* Doc. No. 1 at 7 (requesting to be released in order to "work and hire an attorney" because he "want[s] to go to trial").)

## C. Analysis

Petitioner challenges the legality of his pretrial detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. *Atkins*, 644 F.2d at 549. While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to Section 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)).

Even when a colorable Section 2241 claim is presented, the Court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Abernathy*, 2008 WL 4858442, at *1 (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because

3

the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546–47.

Here, although the Petition refers to multiple appearances in the trial court (*see* Doc. No. 1-1 at 2) and reveals that Petitioner succeeded in filing a motion (presumably pro se) asserting his speedy-trial rights (*see id.* at 1), it does not demonstrate that he "availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust a speedy trial claim. *Atkins*, 644 F.2d at 547. In particular, the Petition does not suggest that Petitioner appealed from the trial court's denial of his speedy-trial motion or, if the motion was not decided, that he sought mandamus or other relief in the Tennessee Court of Criminal Appeals to remedy the trial court's failure to rule. Nor does it appear that Petitioner ever appealed the denial of his bond reduction motion. Moreover, while the Petition claims that Petitioner may have been exposed to double jeopardy (Doc. No. 1-1 at 3), it does not give any indication that a double-jeopardy claim was exhausted in the state trial and appellate courts.

By way of comparison, the Supreme Court has found the exhaustion requirement met where the claimant demonstrated that he had made "repeated demands for trial to the courts of Kentucky, offering those courts"—trial and appellate——"an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490 (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust). And the Sixth Circuit has found an unreasonable bail claim exhausted only after the claimant appealed the matter to the intermediate state appellate court and sought leave to further appeal to the state

4

supreme court. *Atkins*, 644 F.2d at 550. Here, the Petition fails to support an inference that Petitioner's speedy-trial, excessive-bail, or double-jeopardy claims have been fully exhausted.

The Petition's due process and ineffective-assistance claims, even if colorably stated, are not properly before the Court in this pretrial habeas case and will therefore be dismissed. As this Court has previously stated:

> As to both Petitioner's due process claim and his ineffective-assistance claim, moreover, a Section 2241 habeas petition is not the proper vehicle to consider these claims. That is because they "fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that 'may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'" *MPawinayo v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2 (M.D. Tenn. May 18, 2021) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)) (rejecting pretrial detainee's federal habeas claims of ineffective assistance and "prosecution by valid indictment or presentment"). If Petitioner is convicted in state court, he may bring due process and/or ineffective-assistance claims in a federal habeas petition filed under 28 U.S.C. § 2254, following the proper exhaustion of state court remedies for those claims. *See Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979) (rejecting due process claim in pretrial habeas petition because "post-conviction habeas corpus remedies are available in the federal courts" "[a]fter exhaustion of remedies in the state courts"); *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings"). In this pretrial habeas proceeding, however, these two claims will be summarily dismissed.

*Taylor v. Hall*, No. 3:22-CV-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022).

Finally, even if Petitioner's claims concerning the conditions of his confinement and medical treatment in the Davidson County Jail are cognizable in this action seeking release from confinement, *see Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (involving federal inmates' claim that risks to vulnerable inmates from COVID-19 could "be remedied only by release" under Section 2241); *but see Rummelt v. Cheeks*, No. 21-10757, 2021 WL 4921203, at *2 (E.D. Mich. Oct. 20, 2021), (finding that "section 2241 does not furnish a basis for redress of the petitioner's claims" because "[h]e does not assert that the only remedy that will vindicate [his Eighth

Amendment] right . . . is release from custody") (citation and internal quotation marks omitted), state detainees such as Petitioner must in all events exhaust their available state remedies before pursuing habeas relief, and there is no indication that Petitioner has done so. Nor is the Court convinced that these claims are in fact cognizable under Section 2241, as Petitioner does not contend that release is the only remedy for the allegedly harsh conditions at the Jail. *Rummelt*, *supra*. Whether unexhausted or noncognizable, these conditions-of-confinement claims are not properly before the Court at this time.

In sum, given the ongoing proceedings against Petitioner in state court and his failure to exhaust available remedies there, the Court cannot find that his "only recourse was to the federal courts by way of a petition for habeas corpus." *Atkins*, 644 F.2d at 550. Accordingly, the Court must refrain from exercising jurisdiction under Section 2241.

## II. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** as premature, without prejudice to Petitioner's ability to refile a habeas petition after fully exhausting his state remedies, or to his ability to pursue a separate civil rights lawsuit over the conditions of his confinement.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

6

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE